## CRANDALL v. MOSTON.

(Supreme Court, Appellate Division, Third Department. July 6, 1899.)

LIMITATION OF ACTIONS—ACKNOWLEDGMENT OF CONTINUING CONTRACT—SUFFICIENCY.

Under Code Civ. Proc. § 395, declaring that an acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract to take a case out of the statute, a letter of defendant, in response to plaintiff's request for payment of a note, stating that he is going to try to have the

note settled, and promising to see the other makers, and see what can be done, and asking if payment would be accepted in installments if he had to pay it himself, is an acknowledgment of a "continuing contract," sufficient to take the case out of the operation of the statute.

Parker, P. J., and Putnam, J., dissenting.

Appeal from trial term, Warren county.

Action on a note by Emerson E. Crandall against Philip Moston. From an order setting aside a verdict for defendant, defendant appeals. Affirmed.

Argued before PARKER, P. J., and LANDON, HERRICK, PUTNAM, and MERWIN, JJ.

Potter & Kellogg, for appellant.

King & Angell, for respondent.

LANDON, J. The order of the trial court setting aside the verdict should be affirmed, as within the proper exercise of discretion, unless the defense of the statute of limitations is clearly valid. Section 395, Code Civ. Proc., says:

"An acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of this title."

If an acknowledgment "of a continuing contract" is made out by defendant's letter of February 13, 1892, that will suffice, whether a promise to pay is made therein or not. The plaintiff, a few days before that date, wrote to the respondent that he would like pay for the note. The respondent might have answered that he did not acknowledge any liability on it; but, instead, he wrote:

"I am going to try to have the note settled in some way in a short time. * * * I am very anxious to have it settled, as it is growing more every year."

It certainly was not growing more every year unless it was "a continuing contract." He promised to see the other makers, "all of them," and see "what can be done." Why trouble himself about it in this way, if it was not "a continuing contract"? Finally he wrote:

"If I have to pay it myself, will you accept of it in installments, as I cannot very well spare so much out of my business in one payment?"

Clearly, he meant that, if the Whitakers should fail to pay it, it would be hard for him to do it, but do it he would. To say that this letter, written in response to the plaintiff's request for payment, does not amount to an acknowledgment of "a continuing contract," seems to me to be replacing its true meaning with a false one. I advise affirmance.

Order affirmed, with costs. All concur, except PARKER, P. J., and PUTNAM, J., who dissent.